UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

| | |
|---|---|
| VAL'S AUTO SALES & REPAIR, LLC,  )<br>  )<br>   *Plaintiff,*  )<br>v.   )<br>   )<br>EZEE TRANS, LLC,   )<br>ROBERTO A. GARCIA, and   )<br>PROGRESSIVE NORTHERN INSURANCE  )<br>COMPANY,   )<br>   )<br>   *Defendants.*  )<br>   ) | CIVIL ACTION NO. |

**NOTICE OF REMOVAL**

**TO:**   The Honorable Judges of the United States District Court for the Eastern District of Kentucky:

1. The Petitioners, Roberto A. Garcia ("Garcia") and Progressive Northern Insurance Company ("Progressive") ("Petitioners"), respectfully state that they are two of the named Defendants in the above-entitled civil action brought by the Plaintiff, Val's Auto Sales & Repair, LLC ("Plaintiff"), which is now pending in the Fayette Circuit Court, Division 4 Kentucky, Civil Action No. 18-CI-00262 ("Civil Action").

2. On or about January 29, 2018, Plaintiff commenced the Civil Action in the aforesaid Fayette Circuit Court, Division 4. No service has yet been affected on Garcia. A copy of the Complaint is attached hereto as **Exhibit A**.

3. On or about May 17, 2018, Garcia executed an authorization for Attorney Gene F. Zipperle to accept service of the Complaint on his behalf. *See* **Exhibit B**.

13142137.1

4.     As the thirtieth day following the execution of the authorization to accept service fell on Saturday, June 16, 2018, the time within which Garcia has to file a Notice of Removal has not yet expired. *See* Fed. R. Civ. P. 6(a)(1)(C); L.R. 6.2.

5.     On May 23, 2018 the Fayette Circuit Court entered an Order granting Ezee Trans, LLC's ("Ezee Trans") motion to file a late responsive pleading to the Plaintiff's Complaint, and deeming Ezee Trans' responsive pleading filed as of that date. *See* **Exhibit C**. The Fayette Circuit Court also granted the Plaintiff twenty (20) days to file an Amended Complaint including any and all Carmack claims it may have and that it wishes to assert against the Defendants. *Id.* On May 29, 2018, the Fayette Circuit Court entered a Second Amended Order, which granted the same relief to Ezee Trans as the May 23, 2018 Order, but also noted that Plaintiff's Motion for a Default Judgment against Ezee Trans was denied. *See* **Exhibit D**.

6.     On or about May 15, 2018, Plaintiff filed a motion to amend its complaint, which the Fayette Circuit Court entered an Order granting said motion on June 8, 2018, and deeming the Amended Complaint filed as of that date. *See* **Exhibit E**. The only new claims in the Amended Complaint appear to be directed at Progressive (Count IV, Unfair Settlement Practices Act Violation). *See* **Exhibit F.** A true and accurate copy of all other pleadings and documents filed in the Civil Action are attached hereto as **Exhibit G**. No service has yet been affected on Progressive.

7.     On information and belief, Progressive's Process Agent, James Halcomb, 306 West Main Street, Suite 512, Frankfort, KY 40601 was served with the Amended Complaint no earlier than June 8, 2018.

13142137.1

8. Less than thirty (30) days have elapsed since Progressive's Process Agent was served with the Complaint.

9. The time within which Progressive has to file a Notice of Removal has not yet expired.

10. **Jurisdiction**.

    A. **Federal Question Jurisdiction – 28 U.S.C. § 1337(a)**

Based on the allegations in the Amended Complaint, the Civil Action may also be removed to this Court by Garcia and Progressive pursuant to 28 U.S.C. §§1331, 1337(a), 1445 and 1446(b).[1] The above-entitled action is a civil suit which may be removed to this Court by the Garcia and Progressive pursuant to 28 U.S.C. §1337(a) in that the Plaintiff alleges a claim involving an Act of Congress regulating commerce, to wit: a claim in excess of $10,000 arising under the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. §14706 (the "Carmack Amendment"). While Plaintiff has alleged claims of negligence, vicarious liability, negligent entrustment, and punitive damages, Plaintiff's sole cause of action for its claims of loss, damage or delay related to the interstate shipment of goods arises under the Carmack Amendment. *See Jackson v. Brook Ledge, Inc.*, 991 F.Supp. 640, 644 (E.D. Kentucky 1997), citing *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972) (other internal citations omitted) ("The Sixth Circuit, along with seven other circuits, have held that the Carmack Amendment preempts state and common law claims and remedies for cargo damaged in interstate transport."). *See also Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (holding removal of complaint alleging state law claims was proper because the Carmack Amendment

---

[1] Petitioners contend this Court has independent jurisdiction, and this matter is removable, under both diversity <u>and</u> federal question jurisdiction.

completely preempts state law claims for loss or damage to goods arising from the interstate transportation of those goods by a common carrier). Progressive intends to argue that the Carmack Amendment likewise preempts the Unfair Settlement Practices Act claim against it. *See, e.g., Chisesi Bros. Meat Packing Co. v. Transco Logistics, Inc.*, No. 17-2747, 2017 WL 2573992, at *7 (E.D. La. June 14, 2017); *Marshall W. Nelson & Associates v. YRC, Inc.*, No. 11-401, 2011 WL 3418302, at *3 (E.D. Wis. Aug. 3, 2011) (both holding that the Carmack Amendment preempts a claim for bad faith denial of an insurance claim). Thus, the claim against Progressive is subject to federal question jurisdiction.

As is evident on the face of the Amended Complaint, Ezee Trans transported Plaintiff Val's Auto's shipment from Mississippi to Kentucky. *See* Amended Complaint at ¶ 5.

As discussed below, the amount in controversy exceeds $10,000.00.

The Civil Action therefore is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441.

### B. Diversity Jurisdiction – 28 U.S.C. § 1332(a).

Based on the allegations contained in Plaintiff's Amended Complaint, the Civil Action may be removed to this Court by Petitioners on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a), as explained below. Title 28, United States Code, § 1332(a) provides, *inter alia*, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) Citizens of different States;

(i) <u>Diversity of Citizenship</u>. This is a civil action in alleging claims by Plaintiff for negligence, vicarious liability, negligent entrustment, and an unfair claims settlement practices act violation for damages it claims to have suffered on or about September 2, 2017 in the course of delivery of a 2016 Mercedes Benz Sprinter Van, allegedly by Ezee Trans and Garcia, from Specialty Gulf Coast Yard in Gulfport, Mississippi to Plaintiff in Lexington, Kentucky. *See* Amended Complaint, ¶¶ 5-8.  Plaintiff alleges it is a Kentucky Limited Liability Corporation, with its principal office in Lexington, Kentucky. *Id.*, ¶ 1. Plaintiff alleges Garcia is a resident of Silver Springs, Maryland[2], Ezee Trans is a foreign corporation, and Progressive's home office is located in Mayfield Village, Ohio. *Id.*, at ¶¶ 2-4.  Upon information and belief, neither Progressive nor Ezee Trans are incorporated or maintain a principal place of business in Kentucky, and Garcia is not a resident of Kentucky.  Therefore, the Civil Action meets the requirement of demonstrating that the parties herein are citizens of different states for purposes of diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).

<u>Amount in Controversy</u>.  Petitioners understand Plaintiff to claim that the value of the van, for which it paid $42,929.00 (*see* Buyer Receipt attached hereto as **Exhibit H**) is now worth approximately $5,000.00.  Plaintiff also seeks lost profit damages for the difference between the $42,929.00 it paid for the van, and the $70,000.00 for which it allegedly was going to resell the van. *See* Buyer's Order attached hereto as **Exhibit I**. Plaintiff also seeks punitive damages against Progressive with respect to its Unfair Claims Settlement Practices Act Violation, as well as Ezee Trans and Garcia. *See* Amended Complaint at Count V.  Plaintiff also seeks attorney's fees, costs, and legal expenses as

---

[2] Garcia is actually a resident of Fort Washington, Maryland, which does not alter the analysis for diversity of citizenship.

13142137.1

allowed by law. *See* Amended Complaint at ¶ 28(c).  Thus, the Petitioners contend the amount in controversy exceeds $75,000.00.

Accordingly, the Civil Action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(c)(2).

11.     **Ezee Trans, LLC consents to the Removal.**  Ezee Trans, LLC consents to the removal of this matter to this Court, as required by 28 U.S.C. §1446(b)(2)(A).  The Petitioners have a statutory right to remove under 28 U.S.C. §§ 1332(a) and 1337(a).

12.     **Venue.**  Petitioner desires to remove this action to the district court of the United States for the district in which it is now pending, to wit, the Eastern District of Kentucky.  28 U.S.C. §1441(a).

13.     After the filing of this Notice of Removal with this Court, (a) written notice of the filing of this Notice will be given by the attorneys for Petitioners to Plaintiff and all other parties as provided by law, (b) a certified copy of this Notice will be filed with the Clerk of the Fayette Circuit Court, Division 4, Kentucky, and (c) certified copies of all pleadings on file in said Fayette Circuit Court, Division 4, Kentucky, will be filed with this Court.

14.     Petitioners have good and sufficient defenses to Plaintiff's claims in this action.

15.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Petitioners Roberto A. Garcia and Progressive Northern Insurance Company pray that this action be removed from the Fayette Circuit Court, Division 4,

Fayette County, Kentucky to the United States District Court for the Eastern District of Kentucky at Lexington.

Dated: June 18, 2018

Respectfully Submitted,

*/s/ Christopher M. Mussler  (w/permission)*
CHRISTOPHER M. MUSSLER
GWIN, STEINMETZ & BAIRD, PLLC
401 W. Main Street, Suite 1000
Louisville, Kentucky 40202
(502) 618-5700
cmussler@gsblegal.com
*Counsel for Defendant, Progressive Northern Insurance Company*

*/s/ Gene F. Zipperle, Jr.*
GENE F. ZIPPERLE, JR.
WARD, HOCKER & THORNTON, PLLC
Hurstbourne Place, Suite 700
9300 Shelbyville Road
Louisville, Kentucky 40222
(502) 583-7012
(502) 583-7018 (Fax)
GZipperle@whtlaw.com
*Counsel for Defendants, Roberto A. Garcia and Ezee Trans, LLC*

WILLIAM H. PARTIN, JR.
WARD, HOCKER & THORNTON, PLLC
Vine Center, Suite 1100
333 West Vine Street
Lexington, Kentucky 40507
(859) 422-6000
(859) 422-6001 (Fax)
WPartin@whtlaw.com
*Counsel for Defendants, Roberto A. Garcia and Ezee Trans, LLC*

13142137.1

## **CERTIFICATE**

I hereby certify that this document, filed manually or through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (see below) on this 18th day of June 2018:

Justin S. Peterson
Golden Law Office, PLLC
771 Corporate Drive, Suite 750
Lexington, Kentucky 40503
(859) 469-5000
(859) 469-5001 (Fax)
jpeterson@goldenlawoffice.com
*Counsel for Plaintiff*
*Val's Auto Sales & Repair, LLC*

                                           */s/ Gene F. Zipperle, Jr.*
                                           *Counsel for Petitioners, Roberto A. Garcia and Progressive Northern Insurance Company, and Defendant, Ezee Trans, LLC*