# EXHIBIT
# F

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION 4
CIVIL ACTION NO. 18-CI-00262

**FILED ELECTRONICALLY**

VAL'S AUTO SALES & REPAIR, LLC                    PLAINTIFFS

VS.            **AMENDED COMPLAINT**

ROBERTO A. GARCIA; EZEE TRANS, LLC                DEFENDANTS

AND

PROGRESSIVE NORTHERN INSURANCE
COMPANY                                           DEFENDANT
    **SERVE:**   **Via Certified Mail**
            **Restricted Delivery**
            James Halcomb, Process Agent
            306 West Main Street, Suite 512
            Frankfort, KY 40601

FILED
ATTEST, VINCENT RIGGS, CLERK
JUN 0 8 2018
FAYETTE CIRCUIT CLERK
BY _____ DEPUTY

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Comes the Plaintiff, Val's Auto Sales & Repair, LLC (Val's), by counsel, and, for its Complaint against the above-listed Defendants, hereby states as follows:

### JURISDICTION AND VENUE

Venue is proper and this Court has subject matter jurisdiction over this action because the accident which forms the basis for this Amended Complaint occurred in Lexington, Fayette County, Kentucky. Plaintiff seeks damages in excess of the jurisdictional limits of this Court.

### PARTIES

1. The Plaintiff, Val's, is and was at all times pertinent to this Amended Complaint, a Kentucky Limited Liability Company with a principal office in Lexington, Kentucky.

2.   Upon information and belief, Defendant, Roberto Garcia, is and was at all times relevant to this Amended Complaint a resident of Silvers Springs, Maryland, and can be served by the long-arm statute through the Kentucky Secretary of State at 1507 November Cir. Apt. 202, Silver Springs, MD 20904.

3.   Defendant, Ezee Trans, LLC, is and was at all times relevant to this Amended Complaint a foreign corporation licensed to conduct business in Kentucky. Ezee Trans LLC's principal address is 20029 Northville Hills Ter., Ashburn, Virginia 20147, and may be served by the long-arm statute through the Kentucky Secretary of State, at 20029 Northville Hills Ter., Ashburn, VA 20147-7020.

4.   Defendant, Progressive Northern Insurance Company ("Progressive"), is and was at all times relevant to this Amended Complaint an insurance company licensed to do business in the Commonwealth of Kentucky. Progressive's home office is located at 6300 Wilson Mills Road, Mayfield Village, OH 44143.

## FACTS

5.   On September 1, 2017, Ezee Trans LLC (Ezee Trans) via its employee, Roberto Garcia, was hired to pick up a 2016 Mercedes Benz Sprinter Van at Specialty Gulf Coast Yard in Gulfport, Mississippi for transport to Lexington, Kentucky to Val's.

6.   Ezee Trans loaded the Sprinter Van on a flatbed commercial vehicle which was driven by Mr. Garcia and owned by Ezee Trans.

7.   On September 2, 2017, while nearing Val's in Lexington, Kentucky, Mr. Garcia was involved in a single vehicle collision with a railroad bridge.

8.   While attempting to drive under the bridge, the Sprinter Van impacted the subject bridge causing damage to the Sprinter Van.

9. A police report was generated whereby Mr. Garcia admits hitting the subject bridge.

10. Liability in this matter is clear.

## COUNT I
## NEGLIGENCE
### (Roberto Garcia)

11. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

12. Defendant, Roberto Garcia, owed Plaintiff a duty to use reasonable care in the operation of his motor vehicle while transporting Plaintiff's property.

13. Defendant, Roberto Garcia, operated his motor vehicle in such a negligent manner as to cause the collision between the transported Sprinter Van and the railroad bridge.

14. As a direct and proximate result of the negligence of Defendant, Roberto Garcia, Plaintiff has suffered damages.

## COUNT II
## VICARIOUS LIABILITY
### (Ezee Trans)

15. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

16. Defendant Garcia was operating the vehicle in course of his employment at the time of the accident.

17. Defendant Ezee Trans is vicariously liable for the acts and omissions of its employee, Defendant Garcia.

## COUNT III
## NEGLIGENT ENTRUSTMENT

18. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

19. Defendant Garcia was operating a vehicle owned by Defendant Ezee Trans at the time of the accident.

20. Defendant Garcia has had previous traffic citations for speeding and other infractions.

21. Defendant Ezee Trans negligently entrusted Defendant Garcia with the vehicle.

## COUNT IV
## UNFAIR CLAIMS SETTLEMENT PRACTICES ACT VIOLATION

22. The Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

23. Progressive violated KRS § 304.12-230 by:

   (a) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims in which liability has become reasonably clear.

   (b) Compelling Plaintiff to institute litigation to recover amounts due by refusing to make settlement offers based on the facts and applicable law.

   (c) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of Val's Auto Sales' claim or for the offer of a compromised settlement.

4

TD : 000004 of 000006

24. As a direct and proximate result of the bad faith conduct of Progressive, Plaintiff has suffered damages.

## COUNT V
## PUNITIVE DAMAGES

25. The Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

26. The conduct of the Defendants as described above was so willful, wanton and grossly negligent that Plaintiff is entitled to an award of punitive damages.

## COUNT VI
## CAUSATION

27. The Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

28. As a direct and proximate result of the Defendants' conduct individually and acting in concert, the Plaintiff has been caused to suffer the following damages:

   a. Actual, foreseeable, incidental, and consequential damages;

   b. Punitive damages against each Defendant;

   c. Attorney's fees, costs, and legal expenses as allowed by law; and

   d. Any and all other just and proper relief including, but not limited, to equitable relief to which Plaintiff may be entitled.

WHEREFORE, the Plaintiff prays the Court:

   (a) For a trial of this case by jury;

   (b) For a judgment against the Defendants, jointly and severally, for the Plaintiff's damages;

(c) For all of the damages set forth in this Amended Complaint including, but not limited to actual, foreseeable, incidental, compensatory and punitive damages, pre-judgment and post-judgment interest, and attorneys' fees and costs.

(d) Any and all other equitable relief to which this Court may deem Plaintiff entitled.

Respectfully submitted,

GOLDEN LAW OFFICE, PLLC

_____
Justin S. Peterson
Kellie M. Collins
771 Corporate Drive, Suite 750
Lexington, Kentucky 40503
Telephone:   859.469.5000
Facsimile:   859.469.5001
Email: jpeterson@goldenlawoffice.com
Email: kcollins@goldenlawoffice.com
COUNSEL FOR PLAINTIFF

4824-2768-5978, v. 1

6