UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

VAL'S AUTO SALES          )
REPAIR, LLC,                  )
                              )
     Plaintiff,             )     Civil Case No.
                              )     5:18-cv-414-JMH
                              )
V.                             )
                              )
ROBERTO A. GARCIA, *et al.*,    )     **MEMORANDUM OPINION**
                              )        **AND ORDER**
     Defendants.           )

** ** ** ** **

This matter comes before the Court on Defendants Ezee Trans, LLC ("Ezee Trans") and Roberto Garcia's Motion to Dismiss the Amended Complaint [DE 5], Plaintiff Val's Auto Sales & Repair, LLC's ("Val's") Motion to Remand [DE 7] and Motion for Leave to File Second Amended Complaint [DE 12], and Defendants Garcia and Progressive Northern Insurance Company's ("Progressive") Motion for Leave to File Sur-Reply to Plaintiff's Reply in Support of Motion to Remand [DE 17]. Having considered the matter fully, and being otherwise sufficiently advised, the undersigned will grant in part Defendants Ezee Trans and Garcia's Motion to Dismiss the Amended Complaint [DE 5], insofar as it pertains to Val's negligence, vicarious liability, and negligent entrustment claims, deny in part Defendants Ezee Trans and Garcia's Motion to Dismiss the Amended Complaint [DE 5], insofar as it pertains to Val's Carmack Amendment claim against Defendant Ezee Trans, deny Val's

Motion to Remand [DE 7], grant Val's Motion for Leave to File Second Amended Complaint [DE 12], and grant Defendants Garcia and Progressive Northern Insurance Company's Motion for Leave to File Sur-Reply to Plaintiff's Reply in Support of Motion to Remand [DE 17].

## FACTUAL AND PROCEDURAL BACKGROUND

On September 1, 2017, Ezee Trans was hired to pick up a 2016 Mercedes Benz Sprinter Van at Specialty Gulf Coast Yard in Gulfport, Mississippi and transport the Sprinter Van to Val's in Lexington, Kentucky. [DE 1-6, at 3]. Ezee Trans loaded the Sprinter Van onto a flatbed commercial vehicle that was owned by Ezee Trans and driven by Mr. Garcia, an employee of Ezee Trans. *Id.* On September 2, 2017, while nearing Val's, Mr. Garcia allegedly attempted to drive the flatbed commercial vehicle under a railroad bridge, but in doing so, the Sprinter Van atop the flatbed commercial vehicle collided with the railroad bridge, resulting in damage to the Sprinter Van. *Id.*

On or about January 29, 2018, Val's brought this action in Fayette Circuit Court, alleging Mr. Garcia was negligent and Ezee Trans was vicariously liable for Mr. Garcia's actions and omissions and negligently entrusted Mr. Garcia with the flatbed commercial vehicle. [DE 1-1, at 4-5]. Also, Val's asserted a claim of punitive damages against all Defendants. *Id.* at 5. On March 12, 2018, Val's moved for default judgment against Ezee Trans, and on or about May

24, 2018, the Fayette Circuit Court denied Val's Motion for Default Judgment. [DE 1-7]. On March 19, 2018, Ezee Trans moved to dismiss the state court action, arguing Val's claims against Ezee Trans were preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. [DE 1-7, at 10-18]. On June 8, 2018, Val's amended its Original Complaint [DE 1-1] to add an Unfair Claims Settlement Practices Act Violation claim against new Defendant Progressive Northern Insurance Company ("Progressive"). [DE 1-6]. All other claims in the Amended Complaint [DE 1-6] remain the same as those found in the Original Complaint [DE 1-1].

On June 18, 2018, Defendants Garcia and Progressive removed this action from the Fayette Circuit Court to this Court based on federal question jurisdiction and diversity jurisdiction. [DE 1]. First, regarding federal question jurisdiction, Defendants Garcia and Progressive argue the following:

> [This] action is a civil suit which may be removed to this Court by the Garcia and Progressive pursuant to 28 U.S.C. §1337(a) in that the Plaintiff alleges a claim involving an Act of Congress regulating commerce, to wit: a claim in excess of $10,000 arising under the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. §14706 (the "Carmack Amendment") . . . Progressive intends to argue that the Carmack Amendment likewise preempts the Unfair Settlement Practices Act claim against it.

[DE 1, at 3-4 (citations omitted)]. Next, Defendants allege diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), exists because "the parties herein are citizens of different states for

purposes of diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)" and "the amount in controversy exceeds $75,000.00." *Id.* at 3-6. "Ezee Trans, LLC consents to the removal of this matter to this Court, as required by 28 U.S.C. §1446(b)(2)(A)." *Id.* at 6.

On June 29, 2018, Defendants Ezee Trans and Garcia moved to dismiss the Amended Complaint [DE 1-6], pursuant to Federal Rule of Civil Procedure 12(b)(6), reasserting the argument made in their state court motion to dismiss that "[t]he claims alleged against Ezee Trans and Garcia in the Amended Complaint are preempted by the Carmack Amendment to the ICC Termination Act of 1995 ("Carmack Amendment"), 49 U.S.C. § 14706 . . . ." [DE 5, at 1]. Additionally, Defendants Ezee Trans and Garcia allege Mr. Garcia cannot be liable because he is not a "carrier" under the Carmack Amendment. [DE 5-1, at 8-9].

Following the filing of Defendants Ezee Trans and Garcia's Motion to Dismiss [DE 5], on July 3, 2018, Val's moved to remand this action to Fayette Circuit Court for several reasons. [DE 7]. First, Val's argues neither Mr. Garcia nor Progressive has a right to remove the case under 28 U.S.C. § 1337 because the only motor carrier that is a party to this case is Ezee Trans, and Ezee Trans "missed its deadline to file a Notice of Removal under the provisions of 28 U.S.C. § 1337." *Id.* at 3-4. Second, Val's argues Mr. Garcia and Progressive cannot remove their case to federal court based on a federal defense, such as the defenses that Mr.

Garcia "cannot be responsible under 28 U.S.C. § 14706," and "a bad faith claim [against Progressive] based on cargo damage isn't actionable by operation of 28 U.S.C. § 14706." *Id.* at 4-5. Third, while admitting complete diversity exists between the Parties, Val's argues, "[N]either Mr. Garcia nor Progressive can establish that the amount in controversy requirement can be satisfied for removal under 28 U.S.C. § 1332." *Id.* at 5. Positing Val's Reply 16] in Support of Motion to Remand [DE 16] "sets forth a completely new argument as to why the Carmack Amendment does not completely preempt the claims asserted against Garcia, in that he may have been acting outside the scope of his employment for Defendant Ezee Trans, LLC ('Ezee Trans')," Defendants Progressive and Garcia move for leave to file a sur-reply to respond to the allegedly new argument. [DE 17].

In addition to filing a Motion to Remand [DE 7], on July 18, 2018, Val's moved for leave to file a second amended complaint asserting a claim under the Carmack Amendment. [DE 12]. Believing it has adequately pled a violation under the Carmack Amendment, Val's seeks to file a second amended complaint to specifically assert a claim under the Carmack Amendment only out of an abundance of caution. [DE 12, at 1 (citing *Vitramax Group, Inc. v. Roadway Exp., Inc.,* CIV.A. 05-87-C, 2005 WL 1036180, at *2 (W.D. Ky. May 3, 2005))].

**DISCUSSION**

**A. DEFENDANTS EZEE TRANS AND GARCIA'S MOTION TO DISMISS AND DEFENDANTS GARCIA AND PROGRESSIVE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

As previously mentioned, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Ezee Trans and Garcia moved to dismiss the Amended Complaint [DE 1-6] for the following two reasons: (1) Val's claims against Ezee Trans and Garcia are preempted by the Carmack Amendment; and (2) Mr. Garcia cannot be liable because he is not a "carrier" under the Carmack Amendment. [DE 5, at 1; DE 5-1, at 8-9].

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be attacked for failure "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)). "A motion to dismiss is properly granted if it is beyond doubt that no set of facts would entitle the petitioner to relief on his claims." *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 333 (6th Cir. 2006). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue*

6

*Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id*. (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

"The Carmack Amendment, enacted in 1906 as an amendment to the Interstate Commerce Act, 24 Stat. 379, created a national scheme of carrier liability for loss or damages to goods transported in interstate commerce." *Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148 (6th Cir. 2015). In relevant part, the Carmack Amendment provides:

> A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

49 U.S.C. § 14706(a). This Court previously addressed this issue in *Jackson v. Brook Ledge, Inc.,* 991 F. Supp. 640 (E.D. Ky. 1997).

In *Jackson*, "Plaintiff, through his agents, requested that Brook Ledge, a common motor carrier engaged in transporting horses in interstate commerce, transport Dream Fulfilled[, a horse,] from Florida to Kentucky. In transport, Dream Fulfilled was fatally injured." *Id.* at 644. My late colleague Karl S. Forester found, "The Sixth Circuit, along with seven other circuits, have held that the Carmack Amendment preempts state and common law claims and remedies for cargo damaged in interstate transport." *Id.* (citing *W.D. Lawson & Co. v. Penn Central Co.,* 456 F.2d 419, 421 (6th Cir. 1972); *Shao v. Link, Cargo (Taiwan) Limited,* 986 F.2d 700, 706-707 (4th Cir. 1993); *Hughes Aircraft Co. v. North American Van Lines, Inc.,* 970 F.2d 609, 613 (9th Cir. 1992); *Underwriters of Lloyds of London v. North American Van Lines,* 890 F.2d 1112, 1113 (10th Cir. 1989); *Intech, Inc. v. Consolidated Freightways, Inc.,* 836 F.2d 672, 677 (1st Cir. 1987); *Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1415 (7th Cir. 1987); *Hopper Furs, Inc. v. Emery Air Freight Corp.,* 749 F.2d 1261, 1264 (8th Cir. 1984); *Air Products and Chemicals, Inc. v. Illinois Central Gulf Railroad Co.,* 721 F.2d 483, 486 (5th Cir. 1983)). Finding "the Carmack Amendment provides the exclusive remedy for an action for damages against a delivering carrier," Judge Forester dismissed "plaintiff's common law claims, to wit, negligence, recklessness,

and gross negligence, and breach of agreement, as plaintiff's claims fall squarely within the exclusive ambit of the Carmack Amendment." *Jackson,* 991 F. Supp. at 644.

Here, Val's hired Ezee Trans, an undisputed common motor carrier, to transport a Sprinter Van from Mississippi to Kentucky. During transport, the Sprinter Van was damaged when Mr. Garcia, an Ezee Trans employee tasked with driving the flatbed commercial vehicle, attempted to drive under a railroad bridge and, instead, collided with the railroad bridge. Like the plaintiff in *Jackson*, Val's brought state law claims against Defendants Ezee Trans and Garcia, including negligence, vicarious liability, and negligent entrustment.

Val's argues its negligence claims against Defendants Ezee Trans and Garcia are distinct from those asserted against Ezee Trans under the Carmack Amendment and, therefore, not preempted. [DE 11, at 4]. To support this argument, Val's asserts, "The Carmack Amendment itself recognizes that state law claims are not necessarily preempted" and cites to 49 U.S.C. § 13103, a savings clause, which states, "Except as otherwise provided in this part, the remedies provided under this part are in addition to remedies existing under another law or common law." However, 49 U.S.C. § 13103 does not save Val's state law claims. In *Gordon v. United Van Lines, Inc.,* 130 F.3d 282, 289-90 (7th Cir. 1997), which Val's cites in its Response [DE 11, at 5-6], the Seventh Circuit Court

of Appeals noted that it previously "concluded that the Carmack Amendment bars a shipper from seeking any other remedy either state statutory or common law provides against a carrier for damages to the shipper's goods that have been transferred in interstate commerce." *Gordon,* 130 F.3d at 288-89 (citing *Hughes,* 829 F.2d at 1414-15).

Additionally, Val's cites to several cases that found the Carmack Amendment does not preempt state law claims that involve separate and independently actionable harms to a shipper that are distinct from the loss of, or damage to, goods that were shipped in interstate commerce. [DE 11, at 5-6 (citing *Gordon v. United Van Lines, Inc.,* 130 F.3d 282, 289-90 (7th Cir. 1997); *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.,* 89 F.3d 452, 458 (7th Cir. 1996); *Muzi v. N. Am. Van Lines, Inc.,* No. 8:14CV267, 2015 WL 1243177, at *2 (D. Neb. Mar. 18, 2015))]. While Val's is correct that there exists state law claims that are not preempted by the Carmack Amendment, such as claims unrelated to the loss of, or damage to, goods in interstate commerce, Val's state law claims alleging Mr. Garcia negligently operated the vehicle carrying the Sprinter Van and Ezee Trans negligently entrusted Mr. Garcia with the vehicle are not distinct from the damage to the Sprinter Van. *See RE-BORNE, Inc. v. Panther II Transportation, Inc.,* No. 3:17-cv-00023-GFVT, 2018 WL 1526075 (E.D. Ky. Mar. 28, 2018) (citing *Gordon,* 130 F.3d at 289) ("There is no cause of action that is

that is 'separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce.'")). Instead, as Defendants Ezee Trans and Garcia assert, "Plaintiff's claims against Garcia and Ezee Trans arise out of the damage to cargo during transport in interstate commerce." [DE 14, at 1].

Moreover, Mr. Garcia cannot be liable because he is not a "carrier" under the Carmack Amendment, and the Carmack Amendment preempts claims against individual employees who were responsible for the shipment of goods and acting within the scope of their employment when the goods were lost or damaged. *See Ferrostaal Inc. v. Seale,* 170 F. Supp. 2d 705, 708 (E.D. Tex. 2001). While Val's Amended Complaint [DE 1-6] fails to allege Mr. Garcia was acting outside the scope of his employment, in Val's Reply in Support of Motion for Remand [DE 16], Val's states the following:

> Plaintiff has not attempted to circumvent the Carmack Amendment by naming Garcia but, rather, is ensuring that it reserves the right to assert all claims against him that are not preempted by the amendment, including any and all claims that may arise if it is shown in discovery that Defendant Garcia was acting outside the scope of his employment with Ezee when the accident occurred.

[DE 16, at 4]. In Defendants Garcia and Progressive's Motion for Leave to File Sur-Reply to Plaintiff's Reply in Support of Motion to Remand [DE 17], which the Court will grant, Defendants Garcia and Progressive attached a Sur-Reply [DE 17-1] correctly asserting, "Plaintiff's argument that Garcia may not have been acting in the scope of his employment should not be considered as

such an argument was raised for the first time in the Reply." [DE 17-1 n. 1 (citing *United States v. Jackson*, No. CR 13-39-DLB-JGW-9, 2016 WL 8232847, at *2 n. 2 (E.D. Ky. Mar. 9, 2016) ("Because it is improper to raise arguments initially in a reply brief, a court generally will not consider them."))]. If Val's wished to argue Mr. Garcia acted outside the scope of his employment, Val's could have made this allegation in either its Complaint [1-1] or Amended Complaint [1-6], but Val's allegations against Mr. Garcia presently before the Court are preempted by the Carmack Amendment. Val's may not include Mr. Garcia as a Defendant based solely on the possibility that discovery may reveal he was acting outside the scope of his employment when there is neither evidence nor reason to suggest Mr. Garcia was doing anything other than acting in the scope of his employment. For the foregoing reasons, the Court will grant in part Defendant Ezee Trans and Garcia's Motion to Dismiss [DE 5] insofar as it pertains to the negligence, vicarious liability, and negligent entrustment claims found in Val's Amended Complaint [DE 1-6] because they are preempted by the Carmack Amendment, 49 U.S.C. § 14706(a).

In addition to Val's state law claims, in Val's Response to Defendants Ezee Trans and Garcia's Motion to Dismiss [DE 11], Val's argues, "[T]he plain language of the factual background of its Amended Complaint combined with the count of vicarious liability itself is sufficient to discern that a violation under the Carmack

Amendment has been pled with regard to Defendant Ezee despite not referencing the same[.]" [DE 11, at 6]. In *Vitramax Group, Inc. v. Roadway Exp., Inc.,* CIV.A. 05-87-C, 2005 WL 1036180, at *2 (W.D. Ky. May 3, 2005), holding a plaintiff sufficiently alleged a claim for relief under the Carmack Amendment, the United States District Court for the Western District of Kentucky found the following:

> A plaintiff is not required to specifically allege that it is claiming relief under the Carmack Amendment. Instead, the Federal Rules of Civil Procedure require only that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). Here, the plaintiff's complaint meets this requirement. The plaintiff alleges that it contracted with the defendant to ship goods to Arkansas, that it delivered the goods to the defendant, and that the goods were damaged when they arrived in Arkansas. The plaintiff also states the value of the goods in its complaint.

*Vitramax,* 2005 WL 1036180, at *2.

Like the plaintiff in *Vitramax,* here, Val's Amended Complaint [DE 1-6] meets the requirement of Federal Rule of Civil Procedure 8(a). Specifically, Val's Amended Complaint [DE 1-1] alleges, "Ezee Trans . . . via its employee, Roberto Garcia, was hired to pick up a . . . Sprinter Van . . . in Mississippi for transport to Lexington, Kentucky to Val's[,]" and before the Sprinter Van could be delivered to Val's, it was damaged when the flatbed commercial vehicle carrying the Sprinter Van collided with a railroad bridge. [DE 1-6, 3-4]. While Val's Amended Complaint [DE 1-6] sufficiently alleges a Carmack Amendment claim, out of an abundance of caution,

Val's moves for leave to file a second amended complaint [DE 12]. Therefore, as explained below, the Court will deny in part Defendant Ezee Trans and Garcia's Motion to Dismiss [DE 5], insofar as it pertains to Val's Carmack Amendment claim against Ezee Trans. Since all claims against Defendant Garcia are preempted by the Carmack Amendment, Defendant Garcia will be dismissed from this action.

## B. PLAINTIFF'S MOTION FOR LEAVE FILE SECOND AMENDED COMPLAINT

In addition to asserting a specific claim under the Carmack Amendment, Val's proposed Seconded Amended Complaint [DE 12-1] includes the state law claims against Defendants Ezee Trans and Garcia that are found in the Amended Complaint [DE 1-6] and subject to the present Motion to Dismiss [DE 5].

Pursuant to Federal Rule of Civil Procedure 15(a)(2), when a motion to amend, such as Plaintiff's Motion, is filed more than 21 days after responsive pleadings have been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of a motion to amend is within the sound discretion of the Court." *Birchwood Conservancy v. Webb*, 302 F.R.D. 422, 424 (E.D. Ky. 2014) (citing *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987)).

When ruling on a party's motion for leave to amend a pleading, the Court should consider the following factors:

> (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile.

*Webb*, 302 F.R.D. at 424 (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 591 (6th Cir. 1990)). "'A court need not grant leave to amend . . . where amendment would be 'futile.''" *Hughes v. Red River Gorge Zipline, LLC,* No. 5:17-CV-482-REW, 2018 WL 3199458, at *1 (E.D. Ky. June 29, 2018) (citing *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman*, 83 S. Ct. at 230)).

"'A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.'" *Hughes,* 2018 WL 3199458, at *1 (citing *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000)); *see also Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010). "Evaluating a 12(b)(6) motion to dismiss requires the Court to 'accept as true all factual allegations, but not legal conclusions or unwarranted factual inferences.'" *Hughes,* 2018 WL 3199458, at *1 (citing *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018)). "'The plaintiff[s] must present a facially plausible complaint asserting more than bare legal conclusions. *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009).'" *Hughes,* 2018 WL 3199458, at *1 (citing *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018)).

In the present case, regarding Val's Motion for Leave to File Second Amended Complaint [DE 12], Defendants Garcia and Ezee Trans argue, "Plaintiff Val's Auto Sales & Repair, LLC's . . . request for leave to file a Second Amended Complaint is futile in that it continues to assert claims against Defendants Roberto A. Garcia . . . and Ezee Trans, LLC . . . that are preempted by 49 U.S.C. 14706, et seq. (the "Carmack Amendment")." [DE 15, at 1]. However, if the Court grants Defendants Ezee Trans and Garcia's Motion to Dismiss [DE 5] and finds the sole cause of action in this matter is a Carmack Amendment claim, "Ezee Trans would not object to Plaintiff filing a Second Amended Complaint which alleges a claim against Ezee Trans under the Carmack Amendment as its sole remedy with respect to its cargo damage claim, without the remaining claims currently asserted against Garcia and Ezee Trans." [DE 15, at 1-2]. Since the Court will grant in part Defendant Ezee Trans and Garcia's Motion to Dismiss [DE 5], insofar as it pertains to the negligence, vicarious liability, and negligent entrustment claims found in Val's Amended Complaint [DE 1-6], aside from the Unfair Claims Settlement Practices Act Claim against Progressive that is not currently at issue, the only other claim in this matter

16

is Val's Carmack Amendment claim against Ezee Trans. Accordingly, the Court will grant Val's Motion for Leave to File Second Amended Complaint [DE 12].

However, since the Proposed Second Amended Complaint [DE 12-1] includes Val's state law claims that are preempted by the Carmack Amendment, as previously stated herein, allowing Val's to file the present Proposed Second Amended Complaint [DE 12-1] would be futile because Val's state law claims would not, and do not, withstand a Rule 12(b)(6) Motion. Therefore, in addition to granting Val's Motion for Leave to File Second Amended Complaint [DE 12], the Court will direct Val's to file a Second Amended Complaint alleging a Carmack Amendment claim against Ezee Trans that does not include claims of negligence, vicarious liability, and negligent entrustment.

### C. PLAINTIFF'S MOTION TO REMAND

Val's alleges Defendants Garcia and Progressive did not have the right to remove this matter to this Court under 28 U.S.C. § 1337 because neither Defendant was a motor carrier, and Ezee Trans, the only motor carrier, missed its deadline to file a Notice of Removal under 28 U.S.C. § 1337. [DE 7, at 4].

"Ordinarily, a defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." *Strong v. Telectronics Pacing Sys.,*

*Inc.,* 78 F.3d 256, 259 (6th Cir. 1996) (citing 28 U.S.C. § 1441(a)); *see also Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989) (citing *Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 13 (1983) ("[I]f plaintiff's claim is 'really one of federal law,' then the matter is properly in federal court.")). "The party seeking removal bears the burden of establishing its right thereto." *Her Majesty The Queen,* 874 F.2d at 339 (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97–98 (1921)). "The removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty The Queen,* 874 F.2d at 339 (citing *Wilson v. USDA,* 584 F.2d 137, 142 (6th Cir. 1978)).

In the present case, Val's cites *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987) to support its argument that Defendants Garcia and Progressive may not remove this matter based on a Carmack Amendment defense. [DE 7, at 4]. In *Caterpillar,* the Supreme Court found the following:

> "[...] a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. *See Franchise Tax Board,* 463 U.S., at 12."

[DE 7, at 4 (quoting *Caterpillar,* 482 U.S. at 393)]. However, in *Caterpillar,* the Supreme Court also found the following:

> Only state court actions that originally could have been filed in federal court may be removed to federal court

by the defendant. Absent diversity of citizenship,
federal question jurisdiction is required. The presence
or absence of federal-question jurisdiction is governed
by the "well pleaded complaint rule," which provides
that federal jurisdiction exists only when a federal
question is presented on the face of the plaintiff's
properly pleaded complaint. The rule makes the plaintiff
the master of the claim; he or she may avoid federal
jurisdiction by exclusive reliance on state law.

*Caterpillar,* 482 U.S. at 392. "'[F]ederal pre-emption is

ordinarily a federal defense to the plaintiff's suit. As a defense,

it does not appear on the face of a well pleaded complaint, and,

therefore, does not authorize removal to federal court.'" *Strong,*

78 F.3d at 259 (citing *Metropolitan Life Ins. Co. v. Taylor,* 481

U.S. 58, 63 (1987)).

In the present case, Val's not only requests leave to file a

second amended complaint specifically alleging a Carmack Amendment

claim against Ezee Trans [DE 12], it also argues the Amended

Complaint [DE 1-6] sufficiently pleads a Carmack Amendment claim

under Federal Rule of Civil Procedure 8(a). [DE 11, at 6]. Thus,

Val's Amended Complaint [DE 1-6] admittedly presents a federal

question. Since the Court will dismiss Val's state law claims and

grant Val's Motion for Leave to File Second Amended Complaint [DE

12] to allow Val's to specifically allege a Carmack Amendment claim

against Ezee Trans, currently, there exists no claims against Mr.

Garcia. However, as described previously herein, when Defendants

Garcia and Progressive removed this case, Val's negligence claim

against Mr. Garcia was really a Carmack Amendment claim under

federal law that should have been solely alleged against Ezee Trans, the motor carrier. *See Her Majesty The Queen,* 874 F.2d at 339 (citing *Franchise Tax Board,* 463 U.S. at 13).

Val's argument that Defendants Garcia and Progressive cannot remove this case to federal court based on a preemption defense is misguided. On this issue, the Supreme Court has held the following:

> [A] state claim may be removed to federal court . . . when a federal statute wholly displaces the state-law cause of action through complete pre-emption. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that "arises under" federal law to be removed to federal court.

*Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8 (2003). Additionally, 28 U.S.C. § 1337(a) provides:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however*, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1337(a).

Regarding complete preemption that supports removal, in *Warner v. Ford Motor Co.,* 46 F.3d 531, 535 (6th Cir. 1995), the Sixth Circuit Court of Appeals held, "Removal is allowed" when "Congress [intends] federal law to occupy the regulatory field .

. . ." In *Strong,* the Sixth Circuit Court of Appeals found the following:

> A corollary of the well-pleaded complaint rule, the "complete preemption" doctrine, holds that when Congress intends the preemptive force of a statute to be so extraordinary that it completely preempts an area of state law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."

*Strong,* 78 F.3d at 259 (citing *Caterpillar,* 482 U.S. at 393). Further, the *Strong* Court found:

> *Warner* reasoned that the congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would "convert" a state cause of action into the federal action for purposes of the well-pleaded complaint rule.

*Strong,* 78 F.3d at 260 (citing *Warner*, 46 F.3d at 534-35). On the other hand, ordinary preemption is when "a defendant might ultimately prove that a plaintiff's claims are pre-empted" but this "does not establish that [the claims] are removable to federal court." *Warner,* 46 F.3d at 535 (citing *Caterpillar,* 482 U.S. at 398).

Here, Val's claims against Defendants Ezee Trans and Garcia arise under federal law. Specifically, Val's claims against Defendants Ezee Trans and Garcia arise under the Carmack Amendment, 49 U.S.C. 14706. Since there is no argument that the matter in controversy for the present bill of lading does not exceed $10,000, exclusive of interest and costs, this Court has original

jurisdiction over this action. 28 U.S.C. § 1337(a). Moreover, in *W.D. Lawson & Co. v. Penn Cent. Co.,* 456 F.2d 419, 421-22 (6th Cir. 1972), finding a Carmack Amendment claim preempted state law claims relating to the shipment of goods in interstate commerece, the Sixth Circuit Court of Appeals relied on the Supreme Court's decision in *Adams Express Co. v. Croninger,* 226 U.S. 491 (1913), which stated in relevant part, "Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *See also Carr v. Olympian Moving & Storage,* No. 1:06 CV 00679, 2006 WL 2294873, at *2 (N.D. Ohio June 6, 2006) (citing *Adams,* 226 U.S. at 505-06) ("The United States Supreme Court has interpreted the Carmack Amendment created uniformity because 'the national law is paramount and supersedes all state laws' and as evidence of Congress' intent to 'take possession of the subject, and supersede all state regulation with reference to it.'")).

In *Am. Synthetic Rubber Corp. v. Louisville Nashville R.R. Co.,* 422 F.2d 462, 464 (6th Cir. 1970), the Sixth Circuit Court of Appeals recognized that if the Carmack Amendment applies, "the case is within the original jurisdiction of the federal courts, and admittedly was properly removed from the state court under 28 U.S.C. §§ 1337, 1441(a), and 1445(b)." Additionally, other district courts within the Sixth Circuit have held removal is

proper or noted removal based on complete preemption. *See Koolaire, LLC v. Cardinal Transp. Inc.,* No. 1:10-CV-00501, 2010 WL 2541812, at *3 (N.D. Ohio May 25, 2010) ("[T]he Carmack Amendment, when it applies, converts a state common-law claim into a federal question claim, allowing removal to federal court under 28 U.S.C. 1441(b)."); *Vitramax,* 2005 WL 1036180, at *1 ("The defendant removed this action to this court on the basis of complete preemption of the plaintiff's claims by the Carmack Amendment . . . ."); *Tennessee Wholesale Nursery v. Wilson Trucking Corp.,* No. 3:12-CV-00937, 2013 WL 3283515, at *4 (M.D. Tenn. June 28, 2013) ("Because Plaintiff's claims are completely preempted by the Carmack Amendment, this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331; 1337(a); 1445(b); and the Carmack Amendment, and Defendant's removal of the action under 28 U.S.C. 1441(a) was proper."); *Acuity, a Mut. Ins. Co. v. YRC Inc.,* 4:12-CV-2497, 2013 WL 646218, at *3 (N.D. Ohio Feb. 20, 2013) ("It is well settled that the Carmack Amendment completely preempts a shipper's state common law and statutory causes of action."). Also, both the Fifth and Ninth Circuit Courts of Appeals have found the doctrine of complete preemption applies to the Carmack Amendment and removal under 28 U.S.C. § 1441 was proper. *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 778 (5th Cir. 2003); *Hall v. N. Am. Van Lines, Inc.,* 476 F.3d 683, 688 (9th Cir. 2007).

For the foregoing reasons, the Court finds removal is proper and Val's Motion to Remand [DE 7] will be denied because Val's negligence claim against Defendant Garcia is completely preempted by the Carmack Amendment. Having concluded Val's completely preempted negligence claim against Mr. Garcia—not to mention Val's completely preempted vicarious liability and negligent entrustment claims against Ezee Trans—established removal jurisdiction over the entire case, the Court need not determine whether Val's USCPA claim against Progressive also arises under federal law. *See Hall,* 476 F.3d at 689 ("Having concluded that Hall's preempted contract claim established removal jurisdiction over the entire case, we need not decide whether her fraud and conversion claims also arise under federal law."). Furthermore, since Defendant Garcia has shown a basis for removal under 28 U.S.C. § 1337, the Court need not also determine whether Defendants Garcia or Progressive can establish diversity jurisdiction under 28 U.S.C. § 1332.

## CONCLUSION

Therefore, having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1)     Defendants Ezee Trans and Garcia's Motion to Dismiss the Amended Complaint [DE 5] is **GRANTED IN PART,** insofar as it pertains to Plaintiff's negligence, vicarious liability, and negligent entrustment claims;

(2) Defendants Ezee Trans and Garcia's Motion to Dismiss the Amended Complaint [DE 5] is **DENIED IN PART,** insofar as it pertains to Plaintiff's Carmack Amendment claim against Defendant Ezee Trans;

(3) Plaintiff's claims of negligence, vicarious liability, and negligent entrustment are **DISMISSED WITH PREJUDICE;**

(4) Defendant Garcia is **DISMISSED** from this action;

(5) Plaintiff's Motion to Remand [DE 7] is **DENIED;**

(6) Plaintiff's Motion for Leave to File Second Amended Complaint [DE 12] is **GRANTED;**

(7) On or before **TUESDAY, FEBRUARY 19, 2019,** Plaintiff shall **FILE** a Second Amended Complaint alleging a Carmack Amendment claim against Ezee Trans that does not include claims of negligence, vicarious liability, and negligent entrustment; and

(8) Defendants Garcia and Progressive Northern Insurance Company's Motion for Leave to File Sur-Reply to Plaintiff's Reply in Support of Motion to Remand [DE 17] is **GRANTED.**

This the 4th day of February, 2019.



Signed By:

*Joseph M. Hood*

**Senior U.S. District Judge**