UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

**FILED ELECTRONICALLY**

| | | |
|---|---|---|
| VAL'S AUTO SALES & REPAIR, LLC ) | | |
| A Kentucky Corporation ) | | |
| ) | | |
| PLAINTIFF ) | CIVIL ACTION NO. 5:18-CV-00414-JMH | |
| ) | | |
| VS. ) | | |
| ) | | |
| EZEE TRANS, LLC; PROGRESSIVE ) | | |
| NORTHERN INSURANCE ) | | |
| COMPANY ) | | |
| ) | | |

**SECOND AMENDED COMPLAINT**

Comes the Plaintiff, Val's Auto Sales & Repair, LLC, by counsel, and, for its Second Amended Complaint against the above-named Defendants, states as follows:

**JURISDICTION AND VENUE**

Venue is proper and this Court has subject matter jurisdiction over this action because the accident which forms the basis for this Second Amended Complaint occurred in Lexington, Fayette County, Kentucky. Plaintiff seeks damages in excess of the jurisdictional limits of this Court.

**PARTIES**

1.      The Plaintiff, Val's, is and was at all times pertinent to this Amended Complaint, a Kentucky Limited Liability Company with a principal office in Lexington, Kentucky.

2. Defendant, Ezee Trans, LLC, is and was at all times relevant to this Amended Complaint a foreign corporation licensed to conduct business in Kentucky. Ezee Trans LLC's principal address is 20029 Northville Hills Ter., Ashburn, Virginia 20147, and may be served by the long-arm statute through the Kentucky Secretary of State, at 20029 Northville Hills Ter., Ashburn, VA 20147-7020.

3. Defendant, Progressive Northern Insurance Company ("Progressive"), is and was at all times relevant to this Amended Complaint an insurance company licensed to do business in the Commonwealth of Kentucky. Progressive's home office is located at 6300 Wilson Mills Road, Mayfield Village, OH 44143.

## FACTS

4. On September 1, 2017, Ezee Trans LLC (Ezee Trans) via its employee, Roberto Garcia, was hired to pick up a 2016 Mercedes Benz Sprinter Van at Specialty Gulf Coast Yard in Gulfport, Mississippi for transport to Lexington, Kentucky to Val's.

5. Ezee Trans loaded the Sprinter Van on a flatbed commercial vehicle which was driven by Mr. Garcia and owned by Ezee Trans.

6. On September 2, 2017, while nearing Val's in Lexington, Kentucky, Mr. Garcia was involved in a single vehicle collision with a railroad bridge.

7. While attempting to drive under the bridge, the Sprinter Van impacted the subject bridge causing damage to the Sprinter Van.

8. A police report was generated whereby Mr. Garcia admits hitting the subject bridge.

9. The Sprinter Van was damaged as a result of striking the bridge.

10. Plaintiff was unable to sell the van as contracted.

11. Plaintiff presented the claim to Ezee Trans' insurer, Defendant Progressive, who denied the claim, stating there was no coverage.

12. Defendant Progressive then changed its position denying the claim on liability.

13. After a new adjuster was assigned to the matter, Progressive offered a settlement which was significantly less than the proof of damages submitted by Plaintiff.

**COUNT I**
**VIOLATION OF 49 USC § 14706**
**(Ezee Trans)**

14. The Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

15. Defendant Ezee, as the carrier providing transportation or service to the Plaintiff, is strictly liable to the Plaintiff for its actual loss or injury.

16. The Sprinter Van was tendered to Defendant Ezee in an undamaged condition.

17. While in transit, and within the custody and control of Defendant Ezee, the Sprinter Van was damaged.

18. Plaintiff is therefore entitled to recover from Defendant Ezee the actual loss or injury to the Sprinter Van and other equitable relief.

**COUNT II**
**UNFAIR CLAIMS SETTLEMENT PRACTICES ACT VIOLATION**
**(Progressive)**

19. The Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

20. Progressive violated KRS § 304.12-230 by:

    (a)    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims in which liability has become reasonably clear.

    (b)    Compelling Plaintiff to institute litigation to recover amounts due by refusing to make settlement offers based on the facts and applicable law.

    (c)    Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of Val's Auto Sales' claim or for the offer of a compromised settlement.

21.    As a direct and proximate result of the bad faith conduct of Progressive, Plaintiff has suffered damages.

### COUNT III
### PUNITIVE DAMAGES
### (Progressive)

22.    The Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

23.    The conduct of Defendant Progressive as described above was so willful, wanton and grossly negligent that Plaintiff is entitled to an award of punitive damages.

### COUNT IV
### CAUSATION

24.    The Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

25.    As a direct and proximate result of the Defendants' conduct individually and acting in concert, the Plaintiff has been caused to suffer the following damages:

(a) Actual, foreseeable, incidental, and consequential damages;

(b) Punitive damages against Defendant Progressive;

(c) Attorney's fees, costs, and legal expenses as allowed by law; and

(d) Any and all other just and proper relief including, but not limited, to equitable relief to which Plaintiff may be entitled.

WHEREFORE, the Plaintiff prays the Court:

(a) For a trial of this case by jury;

(b) For a judgment against the Defendants, jointly and severally, for the Plaintiff's damages;

(c) For all of the damages set forth in this Amended Complaint including, but not limited to actual, foreseeable, incidental, compensatory and punitive damages, pre-judgment and post-judgment interest, and attorneys' fees and costs.

(d) Any and all other equitable relief to which this Court may deem Plaintiff entitled.

Respectfully submitted,

GOLDEN LAW OFFICE, PLLC

*/s/ Kellie M. Collins*

Justin S. Peterson
Kellie M. Collins
771 Corporate Drive, Suite 750
Lexington, Kentucky 40503
Telephone:   (859) 469-5000
Facsimile:    (859) 469-5001
Email: jpeterson@goldenlawoffice.com
Email: kcollins@goldenlawoffice.com
COUNSEL FOR PLAINTIFF

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2019, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system. A true and accurate copy of the foregoing document was served upon the following:

[GZipperle@whtlaw.com](GZipperle@whtlaw.com)
Gene F. Zipperle, Jr.
[wpartin@whtlaw.com](wpartin@whtlaw.com)
William H. Partin, Jr.
Ward, Hocker & Thornton
*Counsel for Ezee Trans and Garcia*

[cmussler@gsblegal.com](cmussler@gsblegal.com)
Christopher M. Mussler
Gwin Steinmetz & Baird, PLLC
*Counsel for Progressive*

[dsonneborn@preti.com](dsonneborn@preti.com)
Daniel R. Sonneborn
Preti Flaherty Beliveau & Pachios, LLP
*Counsel for Ezee Trans and Garcia*

*/s/ Kellie M. Collins*

COUNSEL FOR PLAINTIFF